SOMMERVILLE, J.
Relator alleges himself to be the only duly qualified applicant for nomination to the office of tax assessor for Bienville parish, and that he is unopposed, and that it is the ministerial duty of the Democratic Executive Committee of Bienville parish to declare him the nominee of the Democratic party for the said office; and he asks that a mandamus issue to said committee ordering and directing it to convene and to name him the nominee for the office of assessor of said Bienville parish.
*569 There was an exception, ratione materise, filed by respondent, which was properly overruled. A mandamus will lie to compel a public officer to perform a purely ministerial duty.
The exception of no cause of action was also properly overruled. If, as relator states, he was the only candidate for the office of assessor, and the respondent committee refused to declare him the nominee of the Democratic party, he has a right of action against the defendant to compel it to perform its duty.
Respondent answered that there were contestants for the office of assessor for Bienville parish, who were the real partiés defendant, and who had not been made parties to this litigation; that the committee had met and passed on the qualifications of the several parties, and had ordered the secretary of state to have the names of all the nominees, including that of relator, printed on the ballots for the state primary, to be held January 25, 1916; that the notices, or declarations, or applications, on the part of these several nominees for the office of assessor, were made out on blanks 'furnished the candidates for public offices, which blanks were used, filled out, and filed by them as candidates, but that relator, after filling out and filing one.of said blanks, afterwards filled out another blank, or made out another declaration of his candidacy, which was filed before the hour of closing nominations. The committee further answered that it permitted all the candidates to file amended declarations under the good faith shown abundantly by them, without passing on the necessity for same. It further shows that section 6, Corrupt Practices Act, No. 213 of 1912, p. 450, which requires each candidate to name a committee to be composed of one or not more than five persons, to serve as a finance committee, does not amend the Primary Law (Act No. 49 of 1906), and that if it attempts to amend said act of 1906, it is unconstitutional, null and void for the reason that such object is not expressed in the title. Further, respondent denies that relator is the only one who has made a legal application for nomination according to law, and denies that he is entitled to be declared by the committee the nominee for assessor for Bienville parish at the approaching primary election. The committee answered, further, that it had discharged all of its obligations under the law, and that it had sent all the names of the nominees for the different offices to the secretary of state and ordered them printed on the official ballots for the approaching primary election.
The mandamus was made peremptory, and respondent has appealed.
The primary election law provides, in section 2S, Act No. 49 of 1906, p. 80, that where there is but one candidate for any particular office for which a primary election has been called, the respective committees ordering said primary shall immediately convene, and the person so entering, and being unopposed, shall be declared the nominee of the party, without the necessity of holding a primary election for said office. Relator claims the benefit of this section of the law; and, when an appeal was taken to this court, the trial judge ordered that the record be made in accordance with ’section 25, p. 77, of the act under which relief was sought, as amended by section 25, Act No. 100 of 1908, p. 156, and he made the appeal returnable instanter.
This act, as amended, refers in terms to contested elections; but section 25, as amended, has the proviso:
“That any candidate feeling aggrieved by the decision of the committee shall have the right to have same reviewed by a court of competent jurisdiction.”
It is very clear that the respondent was not responsible for any error, if one was *571 committed by the trial judge in making the appeal returnable instanter; and the motion to dismiss the appeal is denied.
Relator has failed to sustain his allegation to the effect that he was the only legally qualified candidate for the office of assessor for Bienville parish, and was therefore entitled to be declared the nominee of the Democratic party for that office, without the necessity of holding a primary election therefor.
The evidence shows that the respondent committee met November 6, 1915, and certified to the secretary of state at Baton Rouge, La., to be placed on the ballots for the primary election to be held on January 25,1916, among other names and offices, the following:
“For tax assessor — G. Roy Boone, J. B. Evans, H. J. James, D. T. Whitley, J. S. Williams.”
While, therefore, relator alleges his cause of action to be one against the committee to be declared the nominee of the Democratic party in the state of Louisiana, because there were no other candidates, his real cause of action is against those other persons who have been named, together with himself, by the respondent committee, as the candidates for the office of tax assessor for Bienville parish; and to have them declared to be disqualified as candidates for nomination in the approaching primary election; and to have their names removed from the ballots; and, as they have not been made parties defendant, their rights cannot be passed upon in this suit.
Relator argues that under Corrupt Practices Act, No. 213 of 1912, p. 447, the Primary Law, No. 49 of 1906, p. 66, as amended by Act No. 100 of 190S, p. 154, has been further amended; and that all candidates for office must file with their notices of candidacy the name, or names, of their finance committees ; and that as he has complied with that provision of the law, and the others have not, he was the only qualified candidate; and that he was entitled to be declared the nominee of the Democratic party. And, in support of that contention, he refers to section 6 of said Act No. 213, requiring all candidates for nomination “at the time of announcing his candidacy (to) file with the committee” the names of not less than one or more than five persons selected to receive, expend, audit, and disburse all moneys contributed, donated, subscribed, or in any wise furnished or raised for the purpose of aiding or promoting the nomination or election of such candidate, and that:
“Failure to make such declaration of appointment or election by any candidate shall operate as a refusal to accept such nomination.”
He further argues that, the other candidates for the assessorship, not having filed such declarations of a finance committee at the time of announcing their candidacy, they have, under the law, refused to accept such nomination; and he is therefore the only nominee, and is entitled to be declared the nominee of the party.
This last act, the Corrupt Practices Act, contains many provisions which are applicable to primary elections; and it is declared, in section 44:
“That all acts or parts of acts inconsistent or in conflict with this act be and the same are hereby repealed, provided, the provisions of this act on the same subject-matter as the primary election law are not to be construed ap a repeal, but as supplementary and additional thereto.”
So that, the naming of the committee referred to in section 6 is a requirement which is supplementary to and in addition to the requirement under the primary law, and all candidates should have complied with this requirement at the time of announcing their candidacy.
But the other candidates, including those for the assessorship, except relator, have complied with section 6, since “the time of *573 announcing their candidacy”; and this has been deemed sufficient by the respondent committee.
This is a finding of the committee which cannot be considered in this proceeding, as it is not presented in the right form, and for the further reason that the right parties are not before the court.
It would appear under section 38 of Corrupt Practices Act, p. 462, of 1912, that the right of any person to nomination may be contested “on the ground of deliberate, serious and material violation of the provisions of this act or of any other provisions of law relating to nominations and elections,” when it would be the duty of the court to “pronounce whether the incumbent or contestant was duly nominated.” In section 39, it is further provided:
“That when upon the trial of any action or proceeding under this act it shall appear from the evidence that the offense complained of was not committed by the candidate, or with his knowledge or consent, or was committed without his sanction or connivance, and that all reasonable means were taken by or on behalf of the candidate, or that the offenses complained of were trivial, unimportant or limited in character, and that in all respects his candidacy and election were free from all offensive or illegal acts, or that any act or omission of any candidate complained of arose from accidental miscalculation or from some other reasonable cause of like nature, and in any case did not arise from any want of good faith, and under the circumstances it seems to the court to be unjust that the candidate shall forfeit his nomination, position or office, then the nomination or election of such candidate shall not by reason of such offense complained of to be void, nor shall the candidate be removed from nor deprived of his nomination, position or office.”
The committee having found that the omission on the part of other nominees to name their finance committees at the dates of their announcements was an omission on their part which did “not arise from any want of good faith,” and that under all the circumstances it would be “unjust that the candidate shall forfeit his nomination, position, or office,” it, the committee, permitted all of the announced candidates to subsequently furnish the names of said finance committees for each respective candidate; and then it sent the names of such nominees to the secretary of state to be printed on the ballots to be used in the coming primarj election.
If the respondent committee has acted illegally, the matter may be brought before the court in a contest over the primary election to be held in January. The court cannot pass upon the validity of the action of the committee in this suit, and at this time.
The respondent committee has acted and furnished the names of all candidates to the secretary of state to be placed on the ballots to be used at .the primary election in January; and it cannot be compelled to declare relator to be the nominee of the Democratic party in this proceeding.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the petition of relator be denied and his suit be dismissed, at his cost.